```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**TERESA L. BOGGESS,**

      **Plaintiff,**

v.　　　　　　　　　　　　　　Civil Action No. 2:23-cv-00651

**POSITEC TOOL CORPORATION, t/a,**
**a/k/a, d/b/a POSITEC USA, INC.,**
**and WAL-MART STORES, INC.,**

      **Defendants.**

<u>ORDER</u>

Pending is defendant Wal-Mart Stores, Inc.'s, motion to stay discovery in advance of a ruling on its renewed motion to dismiss. <u>See</u> ECF Nos. 20, 21 (Motion to Stay Discovery and memorandum in support); ECF Nos. 18, 19 (Renewed Motion to Dismiss and memorandum in support).

This action was filed on September 28, 2023. <u>See</u> ECF No. 1. Defendant Wal-Mart Stores, Inc., ("Walmart") filed a Motion to Dismiss on December 18, 2023. <u>See</u> ECF No. 4. Plaintiff filed a Motion for Leave to Amend the Complaint, which the court granted on January 30, 2024, and plaintiff's amended complaint was filed the following day. <u>See</u> ECF Nos. 11 (Motion for Leave); 16 (Order); 17 (Amended Complaint). On February 14, 2024, Walmart filed a Renewed Motion to Dismiss, ECF No. 18,

and, on February 20, 2024, filed the pending Motion to Stay Discovery, ECF No. 20.  No party has opposed Walmart's Motion to Stay Discovery.

In pertinent part, Federal Rule of Civil Procedure 26(c) provides as follows:

> The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place . . . for the disclosure or discovery[.]

Fed. R. Civ. P. 26(c)(1)(A), (B).  The Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion.  See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under Fed. R. Civ. P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion to control this discovery process . . . .").  In exercising such discretion, a court "must weigh competing interests." Landis v. North American Co., 299 U.S. 248, 254-55 (1936).  This court considers three factors when determining whether to grant a motion to stay: "(1) the interests of judicial economy;    (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party."  White v.

Ally Fin. Inc., 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013) (quoting Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008)).

The motion to dismiss raises potentially dispositive legal issues, the resolution of which may obviate the need for or limit discovery in this case. Inasmuch as this motion is unopposed, it does not appear that any party will suffer prejudice if the proceedings are so delayed.

Having considered the applicable factors, the court finds good cause to stay discovery and all deadlines subsequent to May 3, 2024, in this matter. The following deadlines shall remain in effect:

| Deadline | Date |
| --- | --- |
| Plaintiff's deadline to amend the pleadings or join parties | 04/05/2024 |
| Defendants' deadline to amend the pleadings or join parties | 05/03/2024 |

The court GRANTS Walmart's Motion to Stay Discovery and the remaining deadlines. Accordingly, the court ORDERS that all dates and deadlines subsequent to May 3, 2024, be, and hereby are, stayed until further order of the court.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

ENTER: March 19, 2024

John T. Copenhaver, Jr.
Senior United States District Judge